[Civ. No. 3023.   First Appellate District, Division Two.—November 12, 1919.]

J. W. FILES, Appellant, v. H. M. DERDERIAN et al., Respondents.

[1] OSTENSIBLE AGENCY—PROOF OF—FACTS NOT RELIED UPON INADMISSIBLE.—In an action for damages for breach of a contract for the delivery of a crop of grapes, evidence that the defendant who signed the contract had once had authority at a certain bank to sign checks for the defendant owner of the grapes cannot aid the plaintiff in establishing ostensible authority to execute the contract in question where, at the time such contract was signed, plaintiff did not have any information about such authority and, therefore, could not have relied thereon.

[2] ID.—HOW ESTABLISHED.—Ostensible authority is not established by the statements and representations of the agent, but only by the statements and representations of the principal.

[3] ID.—ACTION FOR DAMAGES FOR BREACH OF CONTRACT—OSTENSIBLE AUTHORITY TO EXECUTE—INSUFFICIENT PROOF.—In this action brought to recover damages for failure to deliver a crop of grapes alleged to have been purchased by the plaintiff from the defendants, there was neither actual nor ostensible agency established between the owner of the crop of grapes and the person who signed the contract for their sale to the plaintiff.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Affirmed.

The facts are stated in the opinion of the court.

N. Lindsay South for Appellant.

Astor Elmassian and G. L. Aynesworth for Respondents.

LANGDON, P. J.—This action was brought to recover damages for failure to deliver a crop of grapes, alleged to have been purchased by the plaintiff from the defendants. The court found that the grapes were the property of the defendant H. M. Derderian, and that the defendant J. Hov. Derderian had no right, title, or interest in the same. J. Hov. Derderian was the son of the other defendant, and the evidence shows that he signed the contract for the sale of the grapes and received the several sums of money paid

on account of such purchase by the plaintiff. At the time of the trial J. Hov. Derderian was in the United States army and could not be served. The action proceeded only against the other defendant, H. M. Derderian, who is the respondent here. A copy of the contract for the purchase of the grapes was introduced in evidence. It was signed by J. Hov. Derderian as the "seller." It purported to sell the crop of grapes produced on the "Derderian Ranch" at a stipulated price and guaranteed that the same was the sole and absolute property of seller free from all encumbrances. There was also introduced in evidence a copy of a complaint in the justice's court of Fresno, sworn to by the plaintiff, charging J. Hov. Derderian with obtaining money under false pretenses. This complaint related to the same transaction sued upon here and alleged that the said J. Hov. Derderian falsely and fraudulently represented to the plaintiff that he was the sole and absolute owner of the crop of grapes and had the right to sell the same, and that by reason of said representations, he obtained certain sums of money from the plaintiff as advance payments. The evidence is uncontradicted that the plaintiff did not deal with H. M. Derderian in the transaction sued upon, and did not speak with him at all with reference to the same. Appellant, however, seeks in this action to charge the respondent with the contract upon the theory of ostensible agency. In support of this theory, he urges upon our attention the testimony of the plaintiff to the effect that in 1917, the year previous to this transaction, the plaintiff made a contract for the purchase of the grapes upon the Derderian ranch. It is argued that because this contract of 1917 was signed by J. Hov. Derderian and delivery was made and the money paid thereunder to J. Hov. Derderian, the plaintiff, when he entered into the contract the succeeding year, had a right to rely upon the impression given in 1917 that J. Hov. Derderian had authority to sell the crop grown on the ranch. It is contended that H. M. Derderian is estopped from denying the relationship of principal and agent in view of these previous transactions and business dealings with the appellant. But the testimony in regard to this particular transaction in 1917 is conflicting. The defendant H. M. Derderian and his son M. H. Derderian both testified

that when the 1917 contract was entered into the plaintiff talked with the father about it and negotiated the terms with him through J. Hov. Derderian acting as interpreter; that the father and his two sons were present when the contract was signed. The defendant H. M. Derderian also testified that he told his son in the presence of the appellant to sign the contract. The court was justified in accepting this evidence, and, certainly, such a course of dealing should not cause the appellant to believe that J. Hov. Derderian had authority to contract for the father. [1] The evidence introduced to show that J. Hov. Derderian had once had authority at the bank to sign checks for his father cannot aid the plaintiff here in establishing ostensible authority, because in the testimony of J. W. Files he admits that at the time he signed the contract he did not have any information about this matter and did not know that the son signed such checks. He could not then have relied upon such evidence of authority.

[2] Appellant also relies upon the statements alleged to have been made by J. Hov. Derderian at the time of the making of the contract ''that the conditions were the same as in 1917.'' Appellant asserts that this statement misled him and he was justified in relying thereon. Ostensible authority is not established by the statements and representations of the agent, but only by the statements and representations of the principal. (Civ. Code, sec. 2317; *People* v. *Dye,* 75 Cal. 113, [16 Pac. 537].)

[3] The entire record clearly indicates that the findings of the trial court are correct. There is neither actual nor ostensible agency established between the defendants H. M. Derderian and J. Hov. Derderian.

The judgment is affirmed.

Brittain, J., and Nourse, J., concurred.